LINDQUIST, Respondent, vs. DULUTH STREET RAILWAY
COMPANY, Appellant.

*September 21—October 18, 1921.*

*Street railways: Negligence: Collision with automobile at street
intersection: Car traveling at unlawful speed: Contributory
negligence of occupant of automobile.*

1. In an action by a passenger in an automobile for injuries sus-
tained in a collision with defendant's street car at a street
intersection, where it appeared that the collision would not
have occurred if the street car had been traveling within the
maximum speed of ten miles per hour allowed by a city ordi-
nance, the jury were justified in finding that defendant was
guilty of negligence causing the injuries.
2. The evidence is also held to justify a verdict exonerating the
driver of the automobile from negligence in proceeding to
cross the railway tracks ahead of the street car, which was
one hundred and twenty-two feet away when the automobile,
traveling nine miles an hour, was forty-six feet from the point
of collision, and the driver did not know the street car was
approaching at a forbidden rate of speed.
3. Where the driver of the automobile was not negligent in at-
tempting to cross ahead of the street car, plaintiff, confronted
with the same conditions, was not negligent in taking no ac-
tive steps to prevent him from crossing.

APPEAL from a judgment of the circuit court for Doug-
las county: W. R. FOLEY, Circuit Judge. *Affirmed.*

This action was brought for personal injuries sustained
by the plaintiff on October 5, 1919, when a street car be-
longing to the defendant company and the automobile in
which the plaintiff was a passenger collided at the corner of
Twelfth street and Tower avenue in the city of Superior,
Wisconsin. Tower avenue is a main traveled street and
runs north and south; it is sixty feet wide from curb to curb
and the sidewalk is twenty feet wide. Twelfth street runs
east and west and intersects Tower avenue at right angles;
it is forty feet wide and the sidewalks on Twelfth street are
fifteen feet wide. The defendant company maintains two

parallel tracks on Tower avenue, the distance between the tracks being five feet. The distance from the curb to the rail is twenty-two and one-half feet.

At the time of the accident plaintiff was seated between two other women in the rear seat of a seven-passenger Chalmers car driven and owned by Arthur Dahlberg. After having driven to various places during the evening, Mr. Dahlberg stopped at Holden's Tire Shop on the south side of Twelfth street and about 150 feet east of Tower avenue; he then proceeded to the opposite side of Twelfth street to within three or four feet of the curb on the north side of Twelfth street, and then drove across Tower avenue, going straight west. As the rear wheels of the automobile cleared the first rail the street car struck the automobile, crushing in the side and top, bending the frame and breaking three wheels. The street car pushed the automobile forward a short distance, then moved the rear end to the left and off the track so that the automobile faced south, and then passed beyond the automobile. Plaintiff received the injuries complained of.

Plaintiff contends that the automobile was being driven with due care, but that the street car was being operated at a high, dangerous, and negligent rate of speed, contrary to the regulations of an ordinance of the city, and that the defendant neglected to give any warning of the approach of the street car. Defendant claims that the collision was caused by the negligence of the driver of the car in which plaintiff was riding, and that plaintiff and the driver were engaged in a joint enterprise and that plaintiff is therefore precluded from recovery in this action.

By a special verdict the jury in the case found that the motorman of the street car failed to exercise ordinary care in the operation of the street car before the collision; that this failure to exercise ordinary care was the proximate cause of the injury to the plaintiff; that no want of ordinary care on the part of the driver of the automobile contributed

to cause the plaintiff's injury; that the sum of money to compensate her for her injuries is $1,975.

Judgment was entered in conformance with the special verdict, from which judgment appeal is taken.

For the appellant there was a brief by *Grace, Fridley & Crawford* of Superior, and oral argument by *W. P. Crawford*.

*E. S. Geraldson* of Superior, for the respondent.

SIEBECKER, C. J.    An examination of the evidence shows that the jury was justified in finding that the street car in question was being operated at approximately a rate of speed of twenty-three and one-half miles per hour from the time it was in view of the driver of the automobile from the Twelfth-street crossing.    This rate of speed was in violation of the city ordinance regulating the rate of speed of street cars at the place in question, which limited the speed to ten miles per hour.    It is also shown that the driver of the automobile looked to see if a street car was approaching when he approached and drove onto Tower avenue and that he saw this street car coming from the south.    The respective distances of the automobile and the street car from the point of collision at the time the automobile reached the curb line of Tower avenue required the automobile to travel forty-six feet while the street car traveled 122 feet.    It is well established that the automobile was proceeding at the rate of nine miles per hour.    Had the street car been traveling at a rate of speed not exceeding ten miles per hour, it is obvious that the automobile would have safely passed the street-car tracks at the place of collision.

Under the facts and circumstances shown, the jury was well sustained in concluding that the driver of the automobile did not know that the street car was traveling at a high and forbidden rate of speed at the time he had reached the curb of Tower avenue.    In the light of the evidence the court properly refused to interfere with the verdict finding

defendant guilty of negligence in operating the street car immediately before the collision. Nor is the claim well founded that the verdict of the jury exonerating the driver of the automobile from negligence is not sustained by any evidence. It was clearly for the jury to determine upon the evidence adduced whether or not such driver was guilty of a want of ordinary care in operating the automobile and attempting to cross the street-car tracks in the manner he did. We discover no similarity in the evidentiary facts of this case and the facts involved in *Holdridge v. Mendenhall,* 108 Wis. 1, 83 N. W. 1109. As there stated:

"It was practically undisputed in the case that the boy unexpectedly stepped or ran in front of the car when only a few feet distant, and when it could not have been stopped, nor effective warning given, before it ran over him, whatever its speed."

The instant case presents no such conditions. It is considered that the court properly refused to set aside the verdict upon the ground that plaintiff omitted to pay attention to her safety in the attempt to cross the street-car tracks in front of an approaching car. As indicated, the conditions presented to the occupants of the car, under the facts and circumstances of the case, would be the same as those presented to the driver of the automobile, who, as the jury found, exercised due care. It logically follows that the plaintiff was not guilty of a want of ordinary care in taking no active steps to prevent crossing the tracks in the manner undertaken by the driver. We have examined the evidence and are satisfied that the damages awarded by the jury cannot be disturbed by this court as excessive.

*By the Court.*—The judgment appealed from is affirmed.